# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDDIE DUTCHOVER,

    Plaintiff,

vs.

MOAPA BAND OF PAIUTE INDIANS, et al.,

    Defendants.

Case No. 2:19-cv-01905-KJD-BNW

**ORDER**

Presently before the Court is Plaintiff's motion for an extension of time to serve Defendants (ECF No. 5), filed on February 4, 2020.

Plaintiff requests a 90 day extension to serve the summonses and complaint on Defendants. In support of his motion, Plaintiff mere states that he seeks this extension so he can retain counsel.

Rule 4(m) establishes the time for service on domestic defendants:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court must extend the 90-day time limit of Rule 4(m) if the serving party shows good cause for failure to serve within 90 days. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing version of Rule 4(m) with 120-day deadline). If the serving party does not show good cause, the Court has discretion to extend time for service, or to dismiss the complaint without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The Court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. *Id.*

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *In re Sheehan*, 253 F.3d at 512. Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires

more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

Here, Plaintiff has not demonstrated good cause or excusable neglect to extend time to serve Defendants. All Plaintiff states is that he seeks additional time to obtain counsel. However, the Federal Rules of Civil Procedure, and the deadlines contained therein, apply equally to pro se litigants and attorneys alike. Thus, the mere fact that Plaintiff would like additional time to serve to find an attorney is not good cause.

Regardless, under Rule 4, the Court has discretion, even without good cause, to extend the time for service. Given that this is Plaintiff's first request to extend time for service, the Court will grant Plaintiff an additional 90 days from today's date (until March 5, 2020) to serve Defendants. Plaintiff is advised that failure to comply with this deadline or to timely request an extension of this deadline will weigh strongly against a finding of good cause in the future.

IT IS THEREFORE ORDERED that Plaintiff's motion for an extension of time to serve Defendants (ECF No. 5) is GRANTED, making the deadline for service on all defendants May 5, 2020.

DATED: February 5, 2020

**Brenda Weksler**
**United States Magistrate Judge**