UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Eddie Dutchover,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Moapa Band of Paiute Indians, et al.,<br><br>　　　　　　　Defendant. | Case No. 2:19-cv-01905-KJD-BNW<br><br>**ORDER** |

Before the Court is plaintiff Eddie Dutchover's motion to extend the time for service and response to this Court's order to show cause. ECF Nos. 12 and 13. The Court finds that Dutchover has established excusable neglect—but not good cause—for his failure to serve defendants and it will therefore exercise its discretion to extend the time for service. Further, the Court finds that Dutchover's response satisfies the Court's order to show cause.

**I.  Background.**

Dutchover filed his complaint in October 2019. ECF No. 1. In February 2020, upon Dutchover's motion, the Court extended the time to serve defendants to May 5, 2020. ECF No. 6 at 2. The Court warned Dutchover that failure to comply with this deadline or to timely request an extension would weigh strongly against another extension in the future. *Id.* On May 5, Dutchover's counsel filed a notice of appearance and first amended complaint. ECF Nos. 7 and 8.

On May 11, 2020, this Court issued an order to show cause. ECF No. 9. In its order, the Court found that the May 5 deadline to serve defendants had lapsed, that no proofs of service had been filed, and that no extension of the deadline had been sought. *Id.* at 1. Thus, the Court ordered Dutchover to show cause, in writing, by May 20, 2020, for why the Court should not recommend to the district judge that all unserved defendants be dismissed pursuant to Rule 4. *Id.* at 2.

Dutchover timely responded to the show-cause order. ECF No. 12. The day after filing his response, Dutchover filed a motion to again extend the time for service. ECF No. 14. Dutchover's motion contains largely the same substance as his response to the show-cause order.

## II. Discussion.

Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." FED. R. CIV. P. 4(m). Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

### A. Step 1: good cause.

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *Id.* Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted). To determine whether excusable neglect rises to the level of good cause, the Court must analyze whether: (1) the party to be served personally received actual notice of the lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *In re Sheehan*, 253 F.3d at 512.

Here, the Court finds that, at the first step, Dutchover has not established good cause to extend the time for service. Dutchover argues in his motion that the extension has become necessary because since the filing of his first motion to extend the time for service, the covid-19 pandemic has "complicated" his ability to retain process servers who can effect service upon defendants. Specifically, Dutchover points out that the pandemic has caused the Moapa Band of Paiute Indians (the "Tribe") to close their lands to all but tribal members, which has impeded his ability to serve defendants. ECF No. 14 at 2. Further, Dutchover argues that he has acquired counsel who has since reached out to two process serving companies to inquire whether there are

any Tribe members among its employees who can facilitate service, and to the Tribe's general counsel to inquire whether he would accept service.

Assuming that these excuses constitute excusable neglect, the Court finds that Dutchover has failed to bring these excuses to the level of good cause because he has not been diligent. The Court issued its order extending the time for service on February 5, 2020, and that extension lapsed on May 5, 2020. It is unclear when plaintiff hired counsel, but counsel did not appear in this matter until the day that the extension lapsed. And although counsel indicates that the Tribe's lands have been closed to all but the Tribe's members, counsel does not indicate when that closure occurred. Further, counsel states that the Tribe's counsel informed her on May 20, 2020, that he would be unable to accept service on behalf of the Tribe, but counsel did not indicate when she asked that question of the Tribe's general counsel. Furthermore, counsel did not indicate when she asked the process serving companies whether they had a Tribe member among its employees. Thus, while these actions might have occurred between February 5 and May 5, 2020, they might also have occurred after the May 5 deadline expired.

On this paltry showing, the Court declines to find that Dutchover has established good cause for an extension. Therefore, the Court must determine whether Dutchover has established excusable neglect.

### B.     Step 2: excusable neglect.

The Ninth Circuit has declined to articulate a specific test that a court must apply under the discretionary component of Rule 4(m). *In re Sheehan*, 253 F.3d at 513. Instead, the Ninth Circuit has emphasized that the Court's discretion at the second step is broad. *Id.* However, other courts have allowed the following factors to guide their discretion under Rule 4(m): (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Trueman v. Johnson*, 2011 WL 6721327, at *5 (D. Ariz. 2011).

Here, the Court finds that while the question at the second step presents a close call, Dutchover has established excusable neglect. First, the Court finds that there is little appreciable

1  prejudice to defendants.  This case has not advanced beyond the pleading stage and this is only
2  Dutchover's second request for an extension.

3        The second factor likewise weighs in favor of an extension because Dutchover seeks an
4  extension of a mere 30 days.  This is not a lengthy amount of time and it is unlikely to have a
5  substantial impact on these proceedings.

6        The third factor weighs against an extension.  The Court appreciates that Dutchover
7  sought the assistance of counsel.  However, while Dutchover's actions since the first extension
8  might go toward diligence, the Court is unable to determine whether those actions occurred before
9  or after the expiration of the May 5 deadline.  Further, it is unclear to the Court when the Tribe
10 closed its reservation to non-members.

11       The fourth factor weighs in favor of an extension because the Court does not believe that
12 Dutchover has moved in bad faith.

13       Based on these factors, the Court will again exercise its discretion to extend the time for
14 service for an additional thirty days because, on balance, the Court believes that Dutchover has
15 established excusable neglect.  However, the Court warns Dutchover that should he need another
16 extension, the Court will accord particular significance to Dutchover's actions in the time between
17 today's order and his subsequent motion.

18 **III.  Conclusion.**

19       IT IS THEREFORE ORDERED that Dutchover's motion to extend the time for service
20 (ECF No. 14) is GRANTED.  Service upon defendants must be complete by June 29, 2020.

21       IT IS FURTHER ORDERED that the Court's order to show cause (ECF No. 9) is satisfied.
22       DATED: May 28, 2020.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE