**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**MARTA D. KURSHUMOVA, ESQ.**
Nevada Bar No. 14728
E-mail: mkurshumova@hkm.com
**DANA SNIEGOCKI, ESQ.**
Nevada Bar No. 11715
E-mail: dsniegocki@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 920-8112
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| EDDIE DUTCHOVER, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>MOAPA BAND OF PAIUTE INDIANS, MOAPA TRIBAL COUNCIL, AND MOAPA TRIBAL ENTERPRISES, collectively, "Moapa defendants", VICKIE SIMMONS, TYLER SAMSON, GREGORY ANDERSON, URAL BEGAY, LESLIE BRADLEY, DARREN DEBODA, DELAINE BOW, SAMANTHA LEE, a Corporation, DOES 1-50, inclusive and ROE CORPORATIONS 1-50, inclusive,<br><br>Defendants. | CASE NO.: 2:19-CV-01905-KLD-BNW<br><br>**PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR SERVICE**<br><br>**(THIRD REQUEST)** |

The Plaintiff Eddie Dutchover ("Mr. Dutchover") by and through his attorneys of record, the law firm of HKM Employment Attorneys LLP, hereby makes this Third Motion to Extend Time for Service.

///

**REQUEST FOR ADDITIONAL TIME TO SERVE**

**FACTUAL AND PROCEDURAL HISTORY**

On or about February 4, 2020, Plaintiff, in proper person, requested an extension of time to serve Defendants so that he could obtain legal counsel to assist him with the matter [ECF 5]. The Court granted that Motion [ECF 6].

Since that time, Plaintiff diligently sought counsel, and HKM Employment Attorneys LLP appeared on Plaintiff's behalf on or about May 5, 2020.

On May 11, 2020, the Court issued an Order to Show Cause on why the Plaintiff's Complaint should not be dismissed for failure to serve. [ECF 9]. On May 20, 2020, Plaintiff, through his counsel, responded to the Court's Order to Show Cause and contemporaneously filed a Motion for Extension of Time for Service [ECF 12 and ECF 14].

Plaintiff's Response to the Order to Show Cause and simultaneous Motion for an Extension of Time for Service requested additional time to effectuate service due to the complications of entering Tribal lands to personally serve the Defendant Tribe and the individual Defendants. *See*, ECF 12 and 14. On May 29, 2020, the Court granted Plaintiff's Motion for Extension of Time for Service and provided Plaintiff with an extension until June 29, 2020 to serve his Complaint. [ECF 15]. On June 29, 2020, Plaintiff filed his Second Motion for Extension of Time for Service [ECF 16]. Via Minute Order on July 1, 2020 [ECF 17], the Court granted Plaintiff's Second Motion for Extension of Time for Service.

In the interim period since the Court's May 29, 2020 Order granting an extension of time to serve and the making of this motion, Plaintiff and his counsel have diligently attempted to effectuate service on the Defendants. Plaintiff has timely obtained declarations of attempted service from its process server, Legal Wings, for each of its requested extension which

demonstrate numerous and diligent attempts to properly serve Defendants, to no avail. *See*, ECF 16 at Exhibits "1" through "11," Declarations of Attempted Service on Defendants, Moapa Band of Paiute Indians, Moapa Tribal Council, Moapa Tribal Enterprises, Vickie Simmons, Tyler Samson, Gregory Anderson, Ural Begay, Leslie Bradley, Darren Deboda, Delaine Bow, and Samantha Lee, respectively.

Also, in the interim period since the Court's May 29, 2020 Order and the filing of this Motion, the Plaintiff himself attempted entry onto the Tribal land to secure information about how the Complaint may be served. Plaintiff was told only members of the Tribe with identification verifying the same were permitted onto the land during the current COVID-19 pandemic lockdown. *See*, ECF 16 at Exhibit "12," Declaration of Plaintiff, Eddie Dutchover.

Since the Court's most recent order on July 1, 2020, Plaintiff and his counsel have remained diligent regarding their duties to serve the Defendants. Attached hereto at Exhibits "1" through "11" are Affidavits of Attempted Service on each of the Defendants showing Plaintiff's further attempts, since July 1, 2020, to effectuate service on the Defendants.

**ARGUMENT**

**I.     GOOD CAUSE EXISTS TO EXTEND PLAINTIFFS' TIME TO SERVE**

Rule 4(m) of the Federal Rules of Civil Procedure governs extension of time to serve complaints. "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001), citinig Fed.R.Civ.P. 4(m); *Petrucelli v. Bohringer & Ratzinger*, GMBH, 46 F.3d 1298, 1305 (3d Cir.1995). "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id*.

"We have recognized that '[a]t a minimum, 'good cause' means excusable neglect.'" *Id.*, citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991). *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991). "In *Boudette*, we stated that a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" *Id.*

On May 19, 2020, Plaintiff's counsel reached out to counsel for Defendant requesting that he accept service of the Complaint and First Amended Complaint due to the current lockdown situation of the Tribal lands. *See*, ECF 16 at Ex. "13," email thread from Jenny Foley, Esq. to Brian Chestnut, Esq. On May 20, 2020, Defendants' counsel responded that he could not accept service. *Id*. On May 26, 2020 Plaintiff's counsel again contacted Mr. Chestnut inquiring about an alternative address at which to serve Defendants in light of the current COVID-19 lockdown. *Id*. Mr. Chestnut did not respond to such email inquiry. Based upon the foregoing, it is clear that the Defendants have received actual notice of the lawsuit. Further, there is no indication that Defendants would be prejudiced in any way by an extension of the deadline to serve. Such impediments to serving the Complaint have resulted not from a lack of diligence on the part of the Plaintiff, but rather from a closing of the Tribal lands by the Defendants, understandably so, due to the COVD-19 pandemic situation. Granting an extension of the deadline to serve would maintain the *status quo*, even the playing field between the Plaintiff and Defendants, and allow the Plaintiff's claims to be fully litigated on their merits. Dismissing Plaintiff's Complaint, on the other hand, would only serve to punish Plaintiff who has remained diligent throughout the course of this case. Plaintiff should not be prejudiced by the dismissal of his complaint due solely to an unavoidable procedural infirmity.

1     Plaintiff submits that in light of the continuing COVID-19 pandemic, including the recent resurgence of the same in Nevada, the subsequent closure of the reservation to all but tribal members, and Plaintiff's documented good-faith efforts to effectuate service, including process server attempts, Plaintiff's own attempt to gather information relevant to effectuating service, and Plaintiff's counsel's efforts to secure Defendants' counsel's consent to accept service of the Complaint, good cause exists to extend the time for service.  Based upon the repeated, unsuccessful attempts of the Plaintiff to serve his Complaint over the course of the past two months, and the fact that there remains uncertainty regarding any imminent opening of the tribal lands, Plaintiff respectfully requests an additional sixty (60) days to effectuate service in this matter.  Plaintiff further requests that in lieu of a potential Fourth Motion for Extension of Time for Service, the Court agree to allow Plaintiff to submit a status report at the conclusion of the sixty (60) day period which will inform the Court of any additional efforts made to effectuate service.  Plaintiff submits such status report, in lieu of a motion, would conserve the Court's and the Plaintiff's resources and provides a sufficient alternative which will allow the Plaintiff to keep the Court informed of the status of service while the pandemic lockdown continues for the foreseeable future.  Plaintiff will continue his endeavors to properly effectuate service during the interim period.

///

///

///

///

///

///

**CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests the Court grant a sixty (60) day extension of time to serve the Defendants in the matter and allow plaintiff to submit a status report in sixty (60) days' time if service cannot be effectuated in the interim.

Dated: July 28, 2020.

                                        Respectfully submitted,

                                        **HKM EMPLOYMENT ATTORNEYS, LLP**

                                        By:*/s/ Jenny L. Foley*
                                        **JENNY L. FOLEY, Ph.D., ESQ.**
                                        Nevada Bar No. 9017
                                        E-mail: jfoley@hkm.com
                                        **MARTA D. KURSHUMOVA, ESQ.**
                                        Nevada Bar No. 14728
                                        E-mail: mkurshumova@hkm.com
                                        **DANA SNIEGOCKI, ESQ.**
                                        Nevada Bar No. 11715
                                        E-mail: dsniegocki@hkm.com
                                        1785 East Sahara, Suite 300
                                        Las Vegas, Nevada 89104
                                        Tel: (702) 805-8340
                                        Fax: (702) 920-8112
                                        *Attorneys for Plaintiff*

Plaintiff's motion is GRANTED in part and DENIED in part.  The motion is GRANTED insofar as the deadline to effect service is extended an additional 60 days.  The motion is DENIED with respect to plaintiff's request to file a joint status report if service cannot be completed within the enlarged period.  Although the Court finds that there exists good cause for the extension, the Court encourages plaintiff to consider whether other means of service might be reasonably calculated to provide defendants with notice and an opportunity to respond.

IT IS SO ORDERED

DATED:  5:41 pm, July 30, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE