**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**DANA SNIEGOCKI, ESQ.**
Nevada Bar No. 11715
E-mail: dsniegocki@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 805-8340
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| EDDIE DUTCHOVER, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>MOAPA BAND OF PAIUTE INDIANS, MOAPA TRIBAL COUNCIL, AND MOAPA TRIBAL ENTERPRISES, collectively, "Moapa defendants", VICKIE SIMMONS, TYLER SAMSON, GREGORY ANDERSON, URAL BEGAY, LESLIE BRADLEY, DARREN DEBODA, DELAINE BOW, SAMANTHA LEE, a Corporation, DOES 1-50, inclusive and ROE CORPORATIONS 1-50, inclusive,<br><br>Defendants. | **CASE NO.: 2:19-CV-01905-KLD-BNW**<br><br>**PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR SERVICE**<br><br>**(FOURTH REQUEST)** |

The Plaintiff Eddie Dutchover ("Mr. Dutchover") by and through his attorneys of record, the law firm of HKM Employment Attorneys LLP, hereby makes this Fourth Motion to Extend Time for Service.

///

///

///

**REQUEST FOR ADDITIONAL TIME TO SERVE**

**FACTUAL AND PROCEDURAL HISTORY**

On or about February 4, 2020, Plaintiff, in proper person, requested an extension of time to serve Defendants so that he could obtain legal counsel to assist him with the matter [ECF 5]. The Court granted that Motion [ECF 6].

Since that time, Plaintiff diligently sought counsel, and HKM Employment Attorneys LLP appeared on Plaintiff's behalf on or about May 5, 2020.

On May 11, 2020, the Court issued an Order to Show Cause on why the Plaintiff's Complaint should not be dismissed for failure to serve. [ECF 9]. On May 20, 2020, Plaintiff, through his counsel, responded to the Court's Order to Show Cause and contemporaneously filed a Motion for Extension of Time for Service [ECF 12 and ECF 14].

Plaintiff's Response to the Order to Show Cause and simultaneous Motion for an Extension of Time for Service requested additional time to effectuate service due to the complications of entering Tribal lands to personally serve the Defendant Tribe and the individual Defendants. *See*, ECF 12 and 14. On May 29, 2020, the Court granted Plaintiff's Motion for Extension of Time for Service and provided Plaintiff with an extension until June 29, 2020 to serve his Complaint. [ECF 15]. On June 29, 2020, Plaintiff filed his Second Motion for Extension of Time for Service [ECF 16]. Via Minute Order on July 1, 2020 [ECF 17], the Court granted Plaintiff's Second Motion for Extension of Time for Service.

Thereafter, on July 28, 2020, Plaintiff filed its Third Motion for Extension of Time for Service. ECF 18. That motion was granted in part and denied part via the Court's Order on July 30, 2020 [ECF 19], which granted Plaintiff an additional 60 day extension to serve his Complaint and encouraged Plaintiff to consider "whether other means of service might be

reasonably calculated to provide defendants notice and an opportunity to respond."

Since the Court's initial Order on May 29, 2020 granting an extension of time to serve and the making of this motion, Plaintiff and his counsel have diligently attempted to effectuate service on the Defendants. Plaintiff has timely obtained declarations of attempted service from its process server, Legal Wings, for each of its requested extension which demonstrate numerous and diligent attempts to properly serve Defendants, to no avail. *See*, ECF 16 and ECF 18 at Exhibits "1" through "11," Declarations of Attempted Service on Defendants, Moapa Band of Paiute Indians, Moapa Tribal Council, Moapa Tribal Enterprises, Vickie Simmons, Tyler Samson, Gregory Anderson, Ural Begay, Leslie Bradley, Darren Deboda, Delaine Bow, and Samantha Lee, respectively.

Also, in the interim period since the Court's May 29, 2020 Order and the filing of this Motion, the Plaintiff himself attempted entry onto the Tribal land to secure information about how the Complaint may be served. Plaintiff was told only members of the Tribe with identification verifying the same were permitted onto the land during the current COVID-19 pandemic lockdown. *See*, ECF 16 at Exhibit "12," Declaration of Plaintiff, Eddie Dutchover.

Since the Court's most recent order on July 30, 2020, Plaintiff and his counsel have remained diligent regarding their duties to serve the Defendants. Attached hereto at Exhibits "1" through "11" are Affidavits of Attempted Service on each of the Defendants showing Plaintiff's further attempts, since July 30, 2020, to effectuate service on the Defendants. Moreover, Plaintiffs' counsel again reached out to Defendants' only known counsel, Brian Chestnut, on September 16, 2020 to inquire again whether he will accept service. Plaintiff's counsel received no response to that email. Ex. "12." Plaintiff's counsel again reached out to Mr. Chestnut on September 22, 2020, asking for a response to their email and also requesting

that Mr. Chestnut provide Plaintiff's counsel with the name of any other counsel that represents the tribe that may be able to accept service. Again, Plaintiff's counsel received no response to this email. *Id*.

Further, on September 15, 2020, Plaintiff's counsel contacted the Bureau of Indian Affairs in Nevada requesting their help with effectuating service on tribal lands. Ex. "13," Declaration of Dana Sniegocki. Such office, located in Carson City, Nevada, could not offer any assistance for two reasons: first, Plaintiff's counsel was told that office did not service the Moapa Band of Paiute Indians and instead, Plaintiff's counsel was directed to contact the St. George, Utah location of the Bureau; and second, the person with whom Plaintiff's counsel spoke did not believe the Bureau assisted with service of process. *Id*. Plaintiff's counsel thereafter called the St. George, Utah office of the Bureau of Indian Affairs and was directed to leave a voicemail, which she did. *Id*. No one from the St. George office ever returned Plaintiff's counsel's call.

Again, on September 15, 2020, Plaintiff's counsel contacted the United States Marshals Service ("USMS") in the District of Nevada. *Id.* The USMS agreed to attempt service on Plaintiff's behalf on the tribal lands, but indicated it was not sure whether it would have any more success than Legal Wings. *Id*. Currently, the USMS is in the process of attempting service. On September 24, 2020, Plaintiff's counsel inquired with the USMS about the status of their attempts by email but were told the deputy assigned to the matter was out of the office and they should have a response to Plaintiff's counsel by Monday, September 28, 2020. Plaintiff's counsel has not yet received a status update from the USMS. *Id*.

///

///

# ARGUMENT

## I. GOOD CAUSE EXISTS TO EXTEND PLAINTIFFS' TIME TO SERVE

Rule 4(m) of the Federal Rules of Civil Procedure governs extension of time to serve complaints. "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001), citinig Fed.R.Civ.P. 4(m); *Petrucelli v. Bohringer & Ratzinger*, GMBH, 46 F.3d 1298, 1305 (3d Cir.1995). "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id*.

"We have recognized that '[a]t a minimum, 'good cause' means excusable neglect.'" *Id*., citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991). *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991). "In *Boudette*, we stated that a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" *Id*.

On May 19, 2020, Plaintiff's counsel reached out to counsel for Defendant requesting that he accept service of the Complaint and First Amended Complaint due to the current lockdown situation of the Tribal lands. *See*, ECF 16 at Ex. "13," email thread from Jenny Foley, Esq. to Brian Chestnut, Esq. On May 20, 2020, Defendants' counsel responded that he could not accept service. *Id*. On May 26, 2020 Plaintiff's counsel again contacted Mr. Chestnut inquiring about an alternative address at which to serve Defendants in light of the current COVID-19 lockdown. *Id*. Mr. Chestnut did not respond to such email inquiry. Plaintiff's counsel again reached out on September 16, 2020 and September 22, 2020 and received no

response from Mr. Chestnut. Ex. "12." Based upon the foregoing, it is clear that the Defendants have received actual notice of the lawsuit. Further, there is no indication that Defendants would be prejudiced in any way by an extension of the deadline to serve. Such impediments to serving the Complaint have resulted not from a lack of diligence on the part of the Plaintiff, but rather from a closing of the Tribal lands by the Defendants, understandably so, due to the COVD-19 pandemic situation. Granting an extension of the deadline to serve would maintain the *status quo*, even the playing field between the Plaintiff and Defendants, and allow the Plaintiff's claims to be fully litigated on their merits. Dismissing Plaintiff's Complaint, on the other hand, would only serve to punish Plaintiff who has remained diligent throughout the course of this case. Plaintiff should not be prejudiced by the dismissal of his complaint due solely to an unavoidable procedural infirmity.

     Plaintiff submits that in light of the continuing COVID-19 pandemic, the subsequent closure of the reservation to all but tribal members, and Plaintiff's documented good-faith efforts to effectuate service, including process server attempts, Plaintiff's own attempt to gather information relevant to effectuating service, Plaintiff's counsel's efforts to secure Defendants' counsel's consent to accept service of the Complaint on numerous occasions, Plaintiff's efforts, albeit unsuccessful, to receive assistance from the Bureau of Indian Affairs, as well as Plaintiff's later engagement of the USMS to try to effectuate proper service, good cause exists to extend the time for service. Based upon the repeated, unsuccessful attempts of the Plaintiff to serve his Complaint over the course of the past several months, and the fact that there remains uncertainty regarding any imminent opening of the tribal lands, Plaintiff respectfully requests an additional sixty (60) days to effectuate service in this matter. Additionally, although not explicitly provided for under the Federal Rules of Civil Procedure, service by publication is

permissible under the Nevada Rules of Civil Procedure. Nev. R. Civ. P. 4(d)(3). Plaintiff is open to this alternative method of service if the Court permits it. Additionally, Plaintiff is open to effectuating service via first class or certified mail if the Court so orders. In any event, Plaintiff will continue his endeavors to properly effectuate service during the interim period should the Court grant an additional extension of sixty days to effectuate service.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests the Court grant a sixty (60) day extension of time to serve the Defendants in the matter and allow plaintiff to submit a status report in sixty (60) days' time if service cannot be effectuated in the interim.

Dated: September 28, 2020.

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS, LLP**

By:/s/ Jenny L. Foley
**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**DANA SNIEGOCKI, ESQ.**
Nevada Bar No. 11715
E-mail: dsniegocki@hkm.com
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 805-8340
*Attorneys for Plaintiff*

The Court finds that plaintiff has established good cause for an extension on the time to serve defendants in this matter. Plaintiff shall be allowed to submit an additional status report or motion in 60 days' time if service cannot be effectuated in the interim. If plaintiff desires to serve defendants by alternative means, he must file the appropriate motion.
**IT IS SO ORDERED**

**DATED:** 11:22 am, October 05, 2020

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**